WILLIAM J. GEDDES
Nevada Bar No. 6984
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 115
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
*Attorney for Plaintiff Hatanpaa*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD HATANPAA, an individual,<br><br>                      Plaintiff,<br><br>vs.<br><br>WELLS RURAL ELECTRIC COMPANY, a Domestic Cooperative Corporation; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 1245, a foreign Trade Union; MIKE CROMIE, an individual; ZANE PETERS, an individual; KYLE MURPHY, an individual; ISMAEL RAMIREZ, an individual; DOE ENTITIES 1-50; and DOE INDIVIDUALS 1-50.<br><br>                      Defendants. | Case No. 3:16-cv-00005<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff EDWARD HATANPAA, by and through his counsel, WILLIAM J. GEDDES of the law firm THE GEDDES LAW FIRM, P.C., and hereby complains of Defendants WELLS RURAL ELECTRIC COMPANY, a Domestic Cooperative Corporation; INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 1245, a foreign Trade Union; MIKE CROMIE, an individual, ZANE PETERS, an individual, KYLE MURPHY, an individual, ISMAEL RAMIREZ, an individual, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50, all of whom are sued herein in their individual and official capacities, and alleges as follows.

## I.

### STATEMENT OF THE CASE

This is a federal-question, employment-discrimination-and-retaliation case, arising under the *Americans with Disabilities Act* ("ADA") and the *Americans with Disabilities Act Amendment Act*

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

("ADAAA").  This case also asserts supplemental-jurisdiction and diversity-jurisdiction based, state-tort claims, for: defamation; false-light invasion of privacy; malicious prosecution, civil conspiracy; intentional infliction of emotional distress; negligence; negligent hiring, training, supervision, and retention; breach of employment contract/wrongful discharge, breach of covenant of good faith and fair dealing/bad faith, tortious discharge in violation of public policy, for filing a worker's compensation claim, and vicarious liability/*respondeat superior*.

Plaintiff was a line foreman who worked at Wells Rural Electric Company from or about May 7, 2012 to January 7, 2014, until he was wrongfully discharged.  Previously, on December 26, 2013, Plaintiff suffered an on-the-job injury, when he slipped and fell onto his back, when walking between a house and a fence.  As a result of his workplace injury, Plaintiff received medical treatment and his doctor put Plaintiff on a work restriction, whereupon Plaintiff was medically ordered to limit his lifting and limit the bending his back, until his condition improved.  Plaintiff was disabled within the meaning of the ADA/ADAAA, and he filed a worker's compensation claim.

Wells Rural Electric Company at West Wendover Nevada had a policy, pattern, practice, usage, and procedure, which was acquiesced in and ratified by the local union, International Brotherhood of Electrical Works, Local Union 1245, whereby the company discouraged workers from reporting work-related injuries, lost-time accidents, and pursuing worker's compensation claims.  For example, workers were coaxed to use vacation time, to treat and recuperate from workplace injuries, rather than pursue worker's compensation claims.  For example, the company did not accurately report or characterize employee time off taken from on-the-job injuries as "lost time" incidents due to workplace injuries.  The company had a history of flouting anti-employment discrimination laws, including as evidenced by a company supervisor speaking derogatorily of Mexicans to Plaintiff, based on their national origin and their numerous presence in the rural community of West Wendover, Nevada.  As well, that company supervisor forbade Plaintiff from hiring a qualified, female, summer worker, based merely on her female gender.

The company was critical of, and otherwise harbored animus against, Plaintiff for his workplace injury and his having filed a worker's compensation claim.  The company discriminated against and retaliated against Plaintiff, based on his request for an accommodation and on his having commenced a

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

worker's compensation claim, and the company otherwise discriminated against Plaintiff because of his disability.  The company ordered Plaintiff to wash trucks on the premises, rather than to allow him to continue to supervise his work crew, and the order to wash trucks was not in keeping with Plaintiff's medical work restriction.  Next the company suspended Plaintiff, claiming that he was reckless and insubordinate for having driven a company truck, from work to the emergency room, to receive the initial medical attention he received for his work-related injury, characterizing such a use as a "personal use" of a company vehicle.  Such adverse actions, violative of the ADA/ADAAA, were based on a pretext.  Plaintiff's local union failed to represent Plaintiff regarding the suspension, the union steward having met privately with management before plaintiff's suspension meeting, but not with Plaintiff.  When failing to represent Plaintiff, the union ratified, acquiesced in, and adopted the company's discriminatory practices and animus against Plaintiff, including by advocating against Plaintiff, because of Plaintiff's workplace injury and disability, in violation of the ADA/ADAAA.

The company summoned Plaintiff back to work on January 7, 2015, for the purpose of firing Plaintiff, which it did, ostensibly for the same trumped-up reason for which Plaintiff was suspended: he used a company vehicle to go from work, to the emergency room, to obtain initial medical attention for his work-related injury.  As a union-member employee, Plaintiff had an employment contract with the company, and he had a legitimate expectation of continued employment; he could only be fired for just cause.  Yet, his firing was not based on just cause.  Thereafter, Plaintiff's local union continued in its failure to represent Plaintiff, based on his workplace injury and disability, in violation of the ADA/ADAAA.  The union failed to properly investigate the matter and wholly failed to represent Plaintiff in the ensuing grievance process.  The union initially discouraged Plaintiff from filing a grievance, but Plaintiff filed one.  The union then advocated for the company management, including by communicating and pressuring Plaintiff to accept an unsolicited, company settlement offer to Plaintiff that was completely one-sided, in favor of the company, while failing to further Plaintiff's grievance.  Plaintiff rejected the offer, out of hand, as completely one-sided in favor of the company and as grossly unfair to Plaintiff.  Without convening any grievance process, hearings, or  meetings at which Plaintiff was present, or engaging in requisite, due process, the union summarily concluded that Plaintiff's termination was "for cause," merely because the matter did not resolve by settlement.

The company also engaged in a smear campaign against Plaintiff, for the purpose of intimidating him and running him out of town, in further discriminatory acts and retaliation against Plaintiff, in violation of the ADA/ADAAA.   The company maliciously initiated false criminal proceedings against Plaintiff, without probable cause, alleging that he stole gasoline on a company credit card.   The criminal proceedings were dismissed by the police authorities.   As well, the company and its employees defamed Plaintiff by telling people in the community that Plaintiff was fired for stealing from the company, which claims were false on both accounts.   Ultimately, Plaintiff had to leave the state, to find work elsewhere.   This action seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

**II.**

**JURISDICTION AND VENUE**

1.      The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").   In particular, this case asserts federal discrimination claims, actionable under the ADA/ADAAA, codified at 42 U.S.C. § 12101 *et seq*.   This Court has supplemental jurisdiction over the state-law claims, pursuant to 28 U.S.C. § 1367(a) ("the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").   Finally, the Court's Jurisdiction over all state claims of this case is redundantly established under 42 U.S.C. § 1332, on a diversity-jurisdiction basis, inasmuch as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, as Plaintiff is currently a citizen of Pendleton, Oregon and Defendants are residents of the State of Nevada.

2.      Venue is proper in the U.S. District Court situated in Reno, Nevada, under 28 U.S.C. § 1391(b), including because: (a) some of the Defendants are residents of Northern Nevada, in West Wendover, Nevada, which is situated in the northern Nevada county of Elko, Nevada, and (b) a substantial part of the events or omissions giving rise to the claims of this case occurred in West Wendover, Nevada, in that same northern county of Elko, Nevada.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

4

**III.**

**PARTIES**

3.       Plaintiff EDWARD HATANPAA ("HATANPAA") is currently a resident of Pendleton, Oregon, in the County of Umatilla, who, at times relevant to the claims of this action, was a resident of West Wendover, Nevada, in Elko County, Nevada.

4.       At all relevant times herein, Defendant WELLS RURAL ELECTRIC COMPANY ("WREC") was a non-profit, domestic cooperative-corporation, whose headquarters are situated in Wells, Nevada, in Elko County.  Defendant WREC maintains offices in West Wendover, Nevada, Wells, Nevada, and Carlin Nevada—all in Elko County.  At all relevant times herein, Defendant WREC was qualified to do business in Nevada and/or held itself out to the public to be qualified to do business in Nevada, and actually did business as an entity in the State of Nevada, in and around Elko County, Nevada, including in the cities of West Wendover, Nevada, Wells, Nevada, and Carlin Nevada, and this Defendant is amenable to suit in Nevada, and this Defendant is sued in its official and individual capacities.

5.       At all relevant times herein, Defendant INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 1245 ("IBEW LOCAL UNION 1245"), was a foreign trade union whose headquarters were situated in Vacaville, California, and which was qualified to do business and/or carry out trade-union activities in Nevada, and/or held itself out to the public to be qualified to so do business and/or carry out trade-union activities in Nevada, and actually did business and/or carried out trade-union activities as a local chapter of a trade union, in the State of Nevada, including in the Nevada counties of Carson City, Churchill, Douglas, Elko, Eureka, Humboldt, Lander, Lyon, Mineral, Pershing, Storey, Washoe, and White Pine.  At all relevant times herein, Defendant IBEW LOCAL UNION 1245 and had a presence in Nevada and/or is otherwise amenable to suit in Nevada under Nevada's "Long-Arm" statutes, and this Defendant is sued in its official and individual capacities.

6.       At all relevant times herein, Defendant MIKE CROMIE ("CROMIE"), was a manager of operations and a supervisor employed by WREC, including for its business operations in West Wendover, Nevada, Wells, Nevada, and Carlin, Nevada, and Defendant CROMIE was a resident of

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

5

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

Wells, Nevada, in Elko County Nevada, and he was acting in the course and scope of his employment at WREC, and/or at the request, behest, and/or for the benefit of WREC, and Defendant CROMIE is herein sued in his official and individual capacities.

7.     At all relevant times herein, Defendant ZANE PETERS ("PETERS"), was a Working General Foreman and supervisor, who was employed by WREC, working in West Wendover, Nevada, Wells, Nevada, and Carlin, Nevada, and Defendant PETERS was a member of IBEW LOCAL UNION 1245, and was a resident of Pilot, Nevada, in Elko County.  At all relevant times herein, Defendant PETERS was the direct supervisor of Plaintiff HATANAPPA.  At all relevant times herein, Defendant PETERS was acting in the course and scope of his employment at WREC and/or at the request, behest, and/or for the benefit of WREC and/or IBEW LOCAL UNION 1245, and this Defendant is herein sued in his official and individual capacities.

8.     At all relevant times herein, Defendant KYLE MURPHY ("MURPHY"), was a Journeyman Lineman, who was employed by WREC, working in West Wendover, Nevada, and Tooele County, Utah, and Defendant MURPHY was a member of IBEW LOCAL UNION 1245, and was a resident of Tooele County, Utah.  At all relevant times herein, Plaintiff HATANPAA was the direct supervisor of Defendant MURPHY.  At all relevant times herein, Defendant MURPHY was acting in the course and scope of his employment at WREC and/or at the request, behest, and/or for the benefit of WREC and/or IBEW LOCAL UNION 1245, and this Defendant is herein sued in his official and individual capacities.

9.     At all relevant times herein, Defendant ISMAEL RAMIREZ ("RAMIREZ"), was a Utility Worker, who was employed by WREC, working in West Wendover, Nevada, and Tooele County, Utah, and Defendant RAMIREZ was a member of IBEW LOCAL UNION 1245, and was a resident of Tooele County, Utah.  At all relevant times herein, Plaintiff HATANPAA was the direct supervisor of Defendant RAMIREZ.  At all relevant times herein, Defendant RAMIREZ was acting in the course and scope of his employment at WREC and/or at the request, behest, and/or for the benefit of WREC and/or IBEW LOCAL UNION 1245, and this Defendant is herein sued in his official and individual capacities.

10.     The true names and capacities, of the Defendants sued herein as DOE ENTITIES 1-50,

are unknown to Plaintiff HATANPAA, who sues those Defendants by such fictitious names. Plaintiff HATANPAA alleges, on information and belief, that each of the Defendants sued herein as DOE ENTITIES 1-50, who are responsible in some manner for the events and injuries described herein. Plaintiff HATANPAA alleges, on information and belief, DOE ENTITIES 1-50, inclusive, are, and at all relevant times herein were, domestic or foreign entities of any kind, including but not limited to corporations, sole proprietorships, associations, partnerships, companies, organizations, trade unions, local chapters of trade unions, cooperative-corporations, non-profit organizations, and joint ventures, that were qualified to do business or carry on official or entity operations, including trade union activities, in Nevada or held themselves out to the public to be qualified to do so in Nevada, and actually carried on as such in the State of Nevada, had a presence in Nevada, and are otherwise amenable to suit in Nevada under Nevada's "Long-Arm" statutes. These Defendants are sued in their official and individual capacities. Plaintiff HATANPAA will seek leave of Court to amend this *Complaint* to state the true names and capacities of DOE ENTITIES 1-50, inclusive, when they have been ascertained.

11. The true names and capacities, of the Defendants sued herein as DOE INDIVIDUALS 1-50, are unknown to Plaintiff HATANPAA, who sues those Defendants by such fictitious names. Plaintiff HATANPAA alleges, on information and belief, that each of the Defendants sued herein as DOE INDIVIDUALS 1-50, inclusive, are responsible in some manner for the events and injuries described herein. Plaintiff HATANPAA alleges, on information and belief, DOE INDIVIDUALS 1-50, inclusive, are, and at all relevant times herein were residents of the state of Nevada or had a presence in Nevada or are otherwise amenable to suit in Nevada under Nevada's "Long-Arm" statutes. These Defendants are sued in their official and individual capacities. Plaintiff HATANPAA will seek leave of Court to amend this *Complaint* to state the true names and capacities of such Defendants, when they have been ascertained.

12. At all relevant times herein, all of the Defendants sued in this action, and each of them, were responsible in some manner for the events and happenings described herein, and proximately caused the injuries described herein, whether negligently, contractually, intentionally, recklessly, strictly, in violation of the law, or otherwise.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

**IV.**

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

13.     Plaintiff HATANPAA was employed by WREC from May 7, 2012 to January 7, 2014, as a Line Foreman, and at all times relevant hereto, Plaintiff HATANPAA was a member of IBEW LOCAL UNION 1245, in good standing.

14.     At all relevant times herein, pursuant to the terms and benefits of his employment with Defendant WREC and his union membership with Defendant IBEW LOCAL UNION 1245, Plaintiff HATANPAA had an employment contract with Defendant WREC, whether express or implied, and he had a legitimate expectation of continued employment at NLCFPD, constituting a protected legal interest, including whereby Defendant WREC promised not to terminate Plaintiff HATANPAA from his employment with Defendant WREC, without good cause for doing so.

15.     On January 7, 2015, Defendant WREC terminated Plaintiff HATANPAA's employment with Defendant WREC, without good cause for doing so.

16.     Previously, on December 26, 2013, Plaintiff HATANPAA suffered an on-the-job injury ("Workplace Injury"), which occurred when he was walking between a house and a fence, and he slipped and fell onto his back, causing him injury and pain, including to his low back.

17.     On the following day, December 27, 2013, Plaintiff HATANPAA went to work, but he was in great pain from his Workplace Injury and needed medical attention.  Therefore, he went from work to the emergency room of the hospital, at Mountain West Medical Center, in Tooele, Utah, to receive medical treatment.  Plaintiff HATANPAA was medically treated there, and he was released after his treating doctor, Dr. Felten, placed Plaintiff HATANPAA on modified duty or work restrictions ("Work Restrictions"), ordering him to limit his lifting and his bending of his back until his symptoms improved.

18.     These Work Restrictions were communicated to Defendant WREC and its employees, including its Loss Control Manager, Lonnie Abbott, prior to Defendant WREC terminating Plaintiff HATANPAA's employment.

19.     On December 27, 2013, Plaintiff HATANPAA commenced the process of filing a worker's compensation claim for his Workplace Injury, including when Mountain West Medical Center

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

completed a "C-4" form, relating to Plaintiff HATANPAA's Workplace Injury, and Defendants knew that Plaintiff HATANPAA had commenced the process of filing a worker's compensation claim relating to his Workplace Injury, before Plaintiff HATANPAA was terminated from his employment at Defendant WREC.

20.     At all times relevant herein, Defendant WREC maintained a policy, pattern, practice, usage, and procedure, with the acquiescence and/or approval of Defendant IBEW LOCAL UNION 1245, whereby Defendant WREC, by and through its employees, including Defendant PETERS, intimidated, pressured, punished, and otherwise discouraged workers from reporting, or accurately reporting, work-related injuries, lost-time accidents and pursuing worker's compensation claims, including for example:

(A)     Pressuring or encouraging workers to use vacation time to treat and/or recuperate for workplace injuries, rather than to pursue workers-compensation claims; and

(B)     Not recording, or accurately reporting, employee time off taken from on-the-job injuries as "time-lost" incidents due to workplace injuries.

21.     In this regard, Defendant WREC demonstrated a history and pattern of flouting anti-employment discrimination laws, including as evidenced by the following incidents:

(A)     When Plaintiff HATANPAA first visited West Wendover, in connection with accepting the job at WREC, Plaintiff HATANPAA remarked that West Wendover didn't seem like a bad place to work and live, whereupon Defendant PETERS, remarked words to the effect, "It's not so bad, except for all the Mexicans," and this evidenced an animus toward employees, based on their national origin and a disregard for anti-employment-discrimination laws; and

(B)     When Plaintiff HATANPAA was interviewing candidates for summer-work employees at WREC in the Summer of 2013, he was specifically told by Defendant PETERS that he could not hire a woman candidate, without regard to her qualifications, stating words to the effect, "if you try to hire a woman, you won't be allowed to hire a summer worker, at all," and this evidenced an animus toward female employees based on gender and a disregard for anti-employment-discrimination laws.

22.     On or about January 2, 2014, upon return from his vacation, Defendant PETERS became

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

9

irate and hostile to Plaintiff HATANPAA about Plaintiff HATANPAA's Workplace Injury and having filed a worker's compensation claim, telling Plaintiff that he could not believe that Plaintiff was hurt, questioning his ability to drive the company vehicle, with such an injury, and Defendant PETERS told Plaintiff HATANPAA that "everything was going to be different from now on."

23.   On that same day, January 2, 2014, Defendant PETERS then took adverse action against Plaintiff HATANPAA, telling him that he was no longer in charge of his crew, dispatching his crew to the Red Garter Project worksite without Defendant PETERS as its supervisor.  In this regard, Plaintiff HATANPAA's Work Restrictions did not prevent him from adequately supervising his crew at the worksite.  Yet, Defendant PETERS ordered Plaintiff HATANPAA to stay in the WREC warehouse and to wash trucks, which violated the terms of his Work Restrictions, including because washing trucks required Plaintiff HATANPAA to bend his back, about which matter Plaintiff HATANPAA complained and expressed opposition to such a violation.

24.   On that same day, January 2, 2014, in order to wash one of the vehicles, Plaintiff HATANPAA needed to step outside of the warehouse to pull one of the vehicles into the wash bin.  As a pretext and to take adverse action against Plaintiff HATANPAA in bad faith, Defendant PETERS informed Defendant CROMIE that Plaintiff HATANPAA had been insubordinate, when stepping out of the warehouse, as if Plaintiff had left the premises, when Plaintiff did not, but was merely pulling a truck in to the warehouse to wash it.

25.   On that same day, January 2, 2014, as a pretext and to take adverse action against Plaintiff HATANPAA in bad faith, based on his disability, Defendant CROMIE trumped up a phony claim against Plaintiff HATANPAA, that he had "behaved recklessly" and violated company policy, by having driven himself from work in a company vehicle to the emergency room, to seek initial medical assistance for his Workplace Injury, as described herein, and, on such a pretext, WREC placed Plaintiff HATANPAA on unpaid suspension from work.

26.   On January 7, 2014, WREC terminated Plaintiff HATANPAA, in bad faith, without good cause, on the same pretext, for which he was suspended, as described herein.

27.   At all times relevant herein, Defendant IBEW LOCAL UNION 1245 failed to properly represent Plaintiff regarding the adverse employment actions taken against Plaintiff HATANPAA by

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

Defendant WREC, including: when Defendant WREC suspended Plaintiff HATANPAA without pay on January 2, 2014; when Defendant WREC terminated Plaintiff HATANPAA on January 7, 2014, and during the aftermath of such events, when Plaintiff HATANPAA unsuccessfully pursued a union grievance, protesting such improper actions taken against him, including as follows:

(A) Prior to Plaintiff HATANPAA being suspended on January 2, 2014, Jacob Manning, the union steward for Defendant IBEW LOCAL UNION 1245, who also employed by WREC, in its Wells, Nevada Office as a Journeyman Lineman, traveled to the West Wendover Office, and he met privately ("Private Meeting") with Defendant WREC's management, to the exclusion of Plaintiff HATANPAA, prior to Jacob Manning attending a subsequent meeting ("Suspension Meeting") held that day, with Plaintiff and company management, for the purpose of suspending Plaintiff HATANPAA;

(B) In the Private Meeting, Defendant IBEW LOCAL UNION 1245, including through its union steward, Jacob Manning, failed to adequately represent and defend the Plaintiff HATANPAA in matters where Defendant WREC had accused Plaintiff HATANPAA of violating company policy in connection with Plaintiff HATANPAA's suspension, and the union and its steward failed to properly investigate matters or otherwise fairly and adequately represent the interests of Plaintiff HATANPAA, but instead, allowed itself to be co-opted by, and/or unfairly biased by, WREC management;

(C) Prior to the Suspension Meeting, Defendant IBEW LOCAL UNION 1245's union steward Jacob Manning failed to engage in any meaningful, pre-interview conference with Plaintiff HATANPAA, prior to the Suspension Meeting, having already set upon a course of ratifying and acquiescing in WREC's unlawful and discriminatory conduct and pretexts, including that violative of the ADA/ADAAA, as described herein;

(D) During the Suspension Meeting, Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning failed to represent and defend the Plaintiff HATANPAA in matters where Defendant WREC had accused Plaintiff HATANPAA of violating company policy in connection with Plaintiff HATANPAA's suspension, including as evidenced by the following acts and omissions that occurred during the Suspension Meeting:

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

i.      Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning failed to maintain an independent perspective of the facts and issues raised in the Suspension Meeting, and the union and steward failed to properly investigate matters, or otherwise pursue or defend the truth, in the matters relating to Plaintiff HATANPAA's suspension;

ii.      Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning failed to properly engage in the interactive process, involving Plaintiff HATANPAA's suspension;

iii.      Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning failed to help Plaintiff HATANPAA articulate, explain, or evaluate matters relating to the matters raised in the Suspension Meeting;

iv.      Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning failed to raise extenuating factors on behalf of Plaintiff HATANPAA, including regarding matters of obtaining initial medical care for a work-related injury, in relation to Defendant WREC's stated position for suspending Plaintiff HATANPAA, as described herein;

v.      Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning failed to request that the supervisor clarify matters, including matters regarding the alleged company policies and any alleged, prior violations of such policies regarding the use of company vehicles, on behalf of Plaintiff HATANPAA, in connection with WREC's basis for suspending Plaintiff HATANPAA, that he was reckless by using of the company vehicle from work to the hospital, to obtain initial medical treatment for a work-related injury, as described herein;

vi.      Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning failed to provide information to WREC management, concerning Plaintiff HATANPAA, relating to WREC's claim of recklessness and use of the company vehicle to obtain medical treatment from work, for a work-related injury, as described herein;

vii.      Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning failed to properly gather facts and monitor the Suspension Meeting, including by proper note-taking at the meeting; and

viii.      When Plaintiff HATANPAA was told that he was being suspended,

Plaintiff HATANPAA had become quite distressed by the fact that Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning refused to participate in the process and represent him as required by the collective bargaining agreement, such that, in the Suspension Meeting, Plaintiff asked Jacob Manning what Jacob Manning had to say about the matter, to which Jacob Manning stated, in the presence of WREC management, that he agreed with WREC's position that Plaintiff HATANPAA should be suspended for using a company vehicle to drive himself to the emergency room to receive his initial medical treatment of his workplace injuries—going so far as to add that Plaintiff HATANPAA's suspension was a "fitting punishment," or words to that effect, and in such a statement, Defendant IBEW LOCAL UNION 1245 and its union steward Jacob Manning removed all doubt in Plaintiff's mind that the union and its steward were co-opted by, biased in favor of, acquiesced in and ratified the discriminatory conduct of, Defendant WREC, based on Plaintiff's disability, as described herein, and the union and its steward wholly failed to represent Plaintiff HATANPAA regarding the disciplinary matter, wherein Plaintiff was suspended and placed on unpaid leave from WREC.

(E)     After Plaintiff HATANPAA's suspension and subsequent termination, Defendant IBEW LOCAL UNION 1245, including through its business representative Randy Osborne, did not properly advance Plaintiff HATANPAA's grievance, including its failure to conduct a meaningful investigation and rebuttal of Plaintiff's suspension or termination, and Defendant IBEW LOCAL UNION 1245 simply acquiesced in, ratified, and adopted Defendant WREC's unlawful, discriminatory position, without properly engaging in the process, and without maintaining a proper degree of objectivity, independence, and detachment from Defendant WREC, and without conducting appropriate inquiry, representation, and follow-up, including as evidenced by the following matters:

(i)     After he was terminated, Plaintiff HATANPAA communicated with Defendant IBEW LOCAL UNION 1245's business representative Randy Osborne that Plaintiff HATANPAA wished to file a union grievance to overturn his employment termination by Defendant WREC;

(ii)     In response, Randy Osborne discouraged Plaintiff HATANPAA from filing such a grievance, adopting the employer's position, without question and without reasonable basis, inquiry, or investigation, stating words to the effect that, driving a company vehicle to the

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

emergency room to receive medical treatment for a work-place injury was a "gray area" for discipline, when such a company policy had not been previously established or communicated to Plaintiff HATANPAA, and, in light of the fact that before going to the emergency room, from work, Plaintiff HATANPAA communicated his intent to do so, without objection, admonition, contrary order, or resistance from WREC;

(iii)     Nevertheless, Plaintiff HATANPAA filed a union grievance objecting to his wrongful termination, but Defendant IBEW LOCAL UNION 1245, including through its business representative Randy Osborne still failed to properly represent Plaintiff and failed to properly advance Plaintiff HATANPAA's grievance and failed to properly participate in the grievance process, including as evidence by the following matters:

(a)     Defendant IBEW LOCAL UNION 1245's business representative Randy Osborne barely communicated at all with Plaintiff HATANPAA about his union grievance, and when he did communicate with Plaintiff HATANPAA about the grievance, Randy Osborne merely pressured Plaintiff HATANPAA to accept an unsolicited and very-one-sided settlement offer, in favor of the employer;

(b)     Such a settlement offer came as quite a surprise to Plaintiff HATANPAA, who was not been included in preliminary discussions or overtures that produced the unsolicited offer, and the offer was rejected outright by Plaintiff;

(c)     Defendant IBEW LOCAL UNION 1245 and Randy Osborne's take-it-or-leave-it approach to Plaintiff HATANPAA, regarding the final settlement offer made by Defendant WREC supplanted the proper pursuit of a Plaintiff HATNAPAA's grievance and denied Plaintiff HATANPAA proper representation relating to his grievance;

(d)     Defendant IBEW LOCAL UNION 1245 simply adopted the pretext and position of the employer, Defendant WREC, without properly representing Plaintiff HATANPAA;

(e)     Ultimately, when Plaintiff HATANPAA refused to accept the final settlement offer by Defendant WREC, Defendant IBEW LOCAL UNION 1245—without having done a proper investigation of the matter and without adequately representing Plaintiff HATANPAA's

interests—stated that agreed that the basis for termination was "for cause," *merely because the matter did not resolve by way of settlement*; and

(f)     Defendant IBEW LOCAL UNION 1245 abused the grievance process and its duty of representation, and it was unjustified its *non-sequitur* conclusion that a failed settlement somehow constituted grounds for concluding that good cause existed to support Defendant WREC's termination of Plaintiff HATANPAA.

28.     After WREC terminated Plaintiff HATANPAA, Defendant WREC and its employees and agents, including Defendants PETERS, RAMIREZ, and MURPHY, published false and defamatory statements, orally and/or in writing, and false implications of facts, about Plaintiff HATANPAA to third parties, including to:

(A)     Business contacts, subcontractors, contractors, vendors, and/or suppliers of WREC in the local and surrounding communities of West Wendover, Nevada—including persons present at, or associated with, the Red Garter Hotel and Casino Project in West Wendover, Nevada;

(B)     Employees and agents of WREC;

(C)     Employees and persons present at the R Place Gas Station and/or Peppermill/Montego Bay Resort and Casino in West Wendover, Nevada;

(D)     Officers and officials of the Tooele County Sheriff's Office; and

(E)     Persons handling, and involved with, Plaintiff HATANPAA's worker's compensation claims.

29.     Such false and defamatory statements and implications of facts including the following ones:

(A)      That Plaintiff HATANPAA was a thief;

(B)     That Plaintiff HATANPAA was terminated from his employment at WREC for stealing from the company, Defendant WREC;

(C)     That Plaintiff HATANPAA was a criminal or had committed crimes in connection with claims of stealing from the company, Defendant WREC;

(D)     That Plaintiff HATANPAA was unfit for his trade and profession and/or was incompetent, including that Plaintiff HATANPAA was at fault for project delays, including for delays

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

15

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

encountered at the Red Garter Casino, due to his deficient ordering of supply materials, including components of an electrical panel, when doing such was not actually Plaintiff HATANPAA's function.

30.     On or about January 24, 2014, after Defendant WREC terminated Plaintiff HATANPAA, Defendant WREC and its employees and agents, including Defendants PETERS, RAMIREZ, and MURPHY, wrongfully instigated, filed, and/or supported a false police report to the Tooele County Sheriff's Office—including by suborning false statements by witnesses in support of the police report—wrongfully and falsely accusing Plaintiff HATANPAA of stealing fuel from the company, for which false claims an investigation was commenced to vex and harass Plaintiff HATANPAA, but for which false claims no criminal charges were ever brought against Plaintiff HATANPAA, and this matter was subsequently dismissed or closed by the police and/or the prosecuting municipal agencies.

31.     By their acts of publishing false, defamatory statements about Plaintiff HATANPAA and filing a false police report about Plaintiff HATANPAA which wrongfully accused Plaintiff HATANPAA of crimes, Defendant WREC and its employees and agents, including Defendants PETERS, RAMIREZ, and MURPHY furthered their conspiratorial goals of:

(A)     wrongfully intimidating Plaintiff HATANPAA from pursuing his legal rights, including in his appeal of his employment-termination, after his employment termination from WREC;

(B)     wrongfully furthering a trumped-up pretext for Plaintiff HATANPAA's termination, after his employment termination from WREC;

(C)     wrongfully interfering with Plaintiff HATANPAA's pursuit of his worker-compensation benefits, whether in part or whole, or otherwise attempting to deny him such benefits due to him, after his employment termination from WREC;

(D)     wrongfully interfering with Plaintiff HATANPAA's ability to obtain work and employment in West Wendover, its surrounding communities, and elsewhere in Nevada, after his employment termination from WREC;

(E)     wrongfully attempting to intimidate and induce Plaintiff HATANPAA to leave town, the county, and/or the state, to make a living elsewhere;

(F)     wrongfully lowering Plaintiff HATANPAA's standing in the community, region,

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

and state; and

(G)     retaliating and punishing Plaintiff HATANPAA, for his having requested an accommodation for his disability arising from his Workplace Injury, and in retaliation for Plaintiff HATANPAA having stood up to and having opposed WREC's unlawful practices, including those made unlawful by anti-employment-discrimination statutes.

32.     As a result of the culpable conduct of the Defendants, described herein, Plaintiff HATANPAA was forced to move his residence out of state, taking up residence and employment in Alaska, for a time.

33.     Plaintiff HATANPAA timely and properly appealed his termination of employment at WREC, exhausting or being excused from all obligatory prerequisites and requirements for filing any and all claims herein.

34.     Plaintiff HATANPAA timely submitted, or caused to be submitted, a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") against Defendant WREC (Charge No. 34B-2014-01122) and Defendant IBEW LOCAL UNION 1245 (Charge No. 34B-2015-01131).

35.     Plaintiff HATANPAA received a "right-to-sue letter," dated October 14, 2015, for his claim against IBEW LOCAL UNION 1245 (Charge No. 34B-2015-01131), issued by the EEOC, pursuant to 42 U.S.C. § 2000e-5(f), and Plaintiff HATANPAA filed the instant suit within ninety (90) days of the issuance of that "right-to-sue letter."

36.     Plaintiff HATANPAA received a "right-to-sue letter," dated December 4, 2015, for his claim against WREC (Charge No. 34B-2014-01122), issued by the EEOC, pursuant to 42 U.S.C. § 2000e-5(f), and Plaintiff HATANPAA filed the instant suit within ninety (90) days of the issuance of that "right-to-sue letter."

/ / /

/ / /

/ / /

/ / /

/ / /

*Federal Claims*

V.

**FIRST CLAIM FOR RELIEF**

**Unlawful Discrimination and Retaliation | Based On Disability**

**(Americans with Disabilities Act and Amendment Act - 42 U.S.C. § 12101 *et seq*.)**

(Asserted against Defendants WREC and DOE ENTITIES 1-50)

37.     Plaintiff HATANPAA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

38.     At all relevant times herein, Plaintiff HATANPAA had a physical disability arising from his Workplace Injury, including a low-back injury, causing pain, suffering, and physical limitations to his body, including to his spinal column, that are covered by, and within the meaning of, the ADA/ADAAA codified at 42 U.S.C. § 12102 *et seq.*, in that these physical impairments substantially limited one or more of Plaintiff HATANPAA's major life activities, including bending, lifting, performing certain manual tasks, and/or working certain tasks, and for which physical disabilities, Plaintiff HATANPAA was receiving and/or had received medical treatment and care, including medication and Work Restrictions, as described herein.

39.     At all relevant times herein, Plaintiff HATANPAA's physical disability described herein ("Disability") was covered by, and within the meaning of, the ADA/ADAAA codified at 42 U.S.C. § 12102 *et seq.*, including for the reason that Plaintiff HATANPAA had a record of a having such a physical impairment that substantially limited one or more of his major life activities, including bending, lifting, performing certain manual tasks, and/or working certain tasks.

40.     At all relevant times herein, Plaintiff HATANPAA's Disability was covered by, and within the meaning of, the ADA/ADAAA codified at 42 U.S.C. § 12102 *et seq.*, including for the reason that Plaintiff HATANPAA was regarded by all Defendants sued in this claim for relief, including their agents and employees, has having physical impairments (whether actual or perceived) that substantially limited one or more of his major life activities, including bending, lifting, performing certain manual tasks, and/or working certain tasks.

41.     At all relevant timers herein, the Defendants sued in this claim for relief, and each of

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

18

them, including their agents and employees:

(A)    were aware of Plaintiff HATANPAA's Disability;

(B)    were aware that Plaintiff HATANPAA had a record of such Disability; and/or

(C)    regarded him as having mental and/or physical impairments, including but not limited to his Disability, that substantially limited one or more of his major life activities, bending, lifting, performing certain manual tasks, and/or working certain tasks.

42.    At all relevant times herein, Defendants WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, engaged in adverse employment action against Plaintiff HATANPAA and the terms and conditions of his employment, including by their acts and omissions that imposed tangible-job detriments on Plaintiff HATANPAA, including by suspending him without pay, and terminating him, as described herein, and thereafter engaging in adverse, post-employment acts, including by instigating, participating in, and setting into motion, and otherwise allowing their employees to take such adverse action, including the publishing of defamatory statements against Plaintiff HATANPAA and the institution of criminal proceedings against Plaintiff HATANPAA with probable cause, as described herein, based upon Plaintiff HATANPAA's Disabilities, and protected conduct relating thereto, subjecting Defendants WREC and DOE BUSINESS ENTITIES 1-10 to liability for violation of the ADA/ADAAA, including under 42 U.S.C. § 12101 *et seq*.

43.    At all relevant times herein, Plaintiff HATANPAA was subjected to the adverse employment actions, described herein, by Defendants WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them because of his Disability, and/or Plaintiff HATANPAA's Disability was a motivating factor in the decisions of Defendant WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, to take the adverse employment actions against Plaintiff HATANPAA, as described herein, in violation of the ADA/ADAAA, including under 42 U.S.C. § 12101 *et seq*.

44.    At all relevant times herein, Plaintiff HATANPAA engaged in an activity protected under federal law—including Plaintiff HATANPAA's request for accommodation of his Disability, obtaining initial medical care for his Workplace Injury/Disability, and complaining of, questioning,

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

and/or resisting practices by DEFENDANTs, and each of them, believed to be unlawful discrimination as described herein and relating to Plaintiff HATANPAA'S Disability, his request for an accommodation of his Disability, and the failure the Defendants sued in this claim for relief to accommodate his Disability, including by having Plaintiff HATANPAA wash trucks, in violation of his Work Restrictions—and Defendants WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, subjected Plaintiff HATANPAA to the adverse employment actions described herein, and Plaintiff HATANPAA was so subjected to such adverse employment action because of his participation in such protected activity, for which the Defendants sued in this claim for relief are liable under the ADA/ADAAA, including under 42 U.S.C. § 12101 *et seq*.

45.     At all relevant times herein, Plaintiff HATANPAA suffered one or more tangible job detriments/tangible employment actions, as a result of the unlawful discrimination and retaliation described herein, in a manner and amount to be proven at trial.

46.     As a result of the unlawful, discriminatory, and retaliatory conduct by Defendants WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, Plaintiff HATANPAA has suffered, and continues to suffer, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory damages, in an amount to be proven at trial.

47.     The unlawful, discriminatory, and retaliatory conduct by Defendants WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, as described herein, was malicious and reckless, warranting an award of punitive damages, to punish Defendants WREC and DOE BUSINESS ENTITIES 1-10, in an amount determined by a jury at trial, according to law.

48.     As a result of the unlawful, discriminatory, and retaliatory conduct by Defendants WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his expert-witness fees, and court costs, in an amount to be proven at trial.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

49.     As a result of the unlawful, discriminatory, and retaliatory conduct by Defendants WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, Plaintiff HATANPAA is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendants WREC and DOE BUSINESS ENTITIES 1-10, and each of them, violated Plaintiff HATANPAA's rights by engaging in unlawful discrimination and retaliation, as described herein.

50.     As a result of the unlawful, discriminatory, and retaliatory conduct by Defendants WREC and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, Plaintiff HATANPAA is entitled to, and seeks, injunctive relief, in the form of an injunction issued by this Court, that compels Defendants WREC and DOE BUSINESS ENTITIES 1-10, and each of them, to stop violating Plaintiff HATANPAA's rights, and to take other appropriate action, based upon evidence produced at trial.

### VI.

### SECOND CLAIM FOR RELIEF

**Unlawful Discrimination and Retaliation | Based On Disability**

(Failure to Represent Union Member)

**(Americans with Disabilities Act and Amendment Act - 42 U.S.C. § 12101 *et seq*.)**

(Asserted against Defendants IBEW LOCAL UNION 1245 and DOE ENTITIES 1-50)

51.     Plaintiff HATANPAA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

52.     At all relevant times herein, Plaintiff HATANPAA's Disability caused physical limitations to his body that are covered by, and within the meaning of, the ADA/ADAAA codified at 42 U.S.C. § 12102 *et seq.*, in that these physical impairments substantially limited one or more of Plaintiff HATANPAA's major life activities, including bending, lifting, performing certain manual tasks, and/or working certain tasks, and for which physical disabilities, Plaintiff HATANPAA was receiving and/or had received medical treatment and care, including medication and Work Restrictions, as described herein.

53.     At all relevant times herein, Plaintiff HATANPAA's Disability was covered by, and

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

within the meaning of, the ADA/ADAAA codified at 42 U.S.C. § 12102 *et seq.*, including for the reason that Plaintiff HATANPAA had a record of a having such a physical impairment that substantially limited one or more of his major life activities, including bending, lifting, performing certain manual tasks, and/or working certain tasks.

54.    At all relevant times herein, Plaintiff HATANPAA's Disability was covered by, and within the meaning of, the ADA/ADAAA codified at 42 U.S.C. § 12102 *et seq.*, including for the reason that Plaintiff HATANPAA was regarded by all Defendants sued in this claim for relief, including their agents and employees, has having physical impairments (whether actual or perceived) that substantially limited one or more of his major life activities, including bending, lifting, performing certain manual tasks, and/or working certain tasks.

55.    At all relevant timers herein, the Defendants sued in this claim for relief, and each of them, including their agents and employees:

(A)    were aware of Plaintiff HATANPAA's Disability;

(B)    were aware that Plaintiff HATANPAA had a record of such Disability; and/or

(C)    regarded him as having mental and/or physical impairments, including but not limited to his Disability, that substantially limited one or more of his major life activities, bending, lifting, performing certain manual tasks, and/or working certain tasks.

56.    At all relevant times herein, Defendants IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, engaged in adverse employment action against Plaintiff HATANPAA and the terms and conditions of his employment, including by their acts and omissions amounting to the failure to represent Plaintiff HATANPAA in union-employment related matters, as described herein, causing harm, injury, and damages to Plaintiff HATANPAA, and subjecting Defendants IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 to liability under the ADA/ADAAA, including 42 U.S.C. § 12101 *et seq.*

57.    At all relevant times herein, Plaintiff HATANPAA was subjected to the adverse employment actions, described herein, by Defendants IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them because of his Disability, and/or Plaintiff HATANPAA's Disability was a motivating factor in the decisions of

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

Defendant IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, to take the adverse employment actions against Plaintiff HATANPAA, as described herein, for which the Defendants sued in this claim for relief are liable to Plaintiff HATANPAA for their violation of the ADA/ADAAA, including under 42 U.S.C. § 12101 *et seq*.

58.     At all relevant times herein, Plaintiff HATANPAA engaged in an activity protected under federal law—including Plaintiff HATANPAA's request for accommodation of his Disability, and complaining of practices by DEFENDANTs, and each of them, believed to be unlawful discrimination as described herein and relating to Plaintiff HATANPAA'S Disability, his request for an accommodation of his Disability, his seeking initial medical care for the Workplace Injury/Disability, and the failure the Defendants sued in this claim for relief to accommodate his Disability, including by having Plaintiff HATANPAA wash trucks, in violation of his Work Restrictions—and Defendants IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, subjected Plaintiff HATANPAA to the adverse employment actions described herein, and Plaintiff HATANPAA was so subjected to such adverse employment action because of his participation in such protected activity, for which the Defendants sued in this claim for relief are liable to Plaintiff HATANPAA for their violation of the ADA/ADAAA, including under 42 U.S.C. § 12101 *et seq*.

59.     At all relevant times herein, Plaintiff HATANPAA suffered one or more tangible job detriments/tangible employment actions, as a result of the unlawful discrimination and retaliation described herein, in a manner and amount to be proven at trial.

60.     As a result of the unlawful, discriminatory, and retaliatory conduct by Defendants IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents), and each of them, Plaintiff HATANPAA has suffered, and continues to suffer, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which he is entitled to compensatory damages, in an amount to be proven at trial.

61.     The unlawful, discriminatory, and retaliatory conduct by Defendants IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and agents),

1 | and each of them, as described herein, was malicious and reckless, warranting an award of punitive
2 | damages, to punish Defendants IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10, in
3 | an amount determined by a jury at trial, according to law.

4 |      62.    As a result of the unlawful, discriminatory, and retaliatory conduct by Defendants IBEW
5 | LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and
6 | agents), and each of them, Plaintiff HATANPAA has had to retain the services of attorneys in this
7 | matter, and he therefore is entitled to, and seeks reimbursement for, his attorneys' fees and costs, his
8 | expert-witness fees, and court costs, in an amount to be proven at trial.

9 |      63.    As a result of the unlawful, discriminatory, and retaliatory conduct by Defendants IBEW
10 | LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and
11 | agents), and each of them, Plaintiff HATANPAA is entitled to, and seeks, declaratory relief, in the form
12 | of a declaration by this Court, that Defendants IBEW LOCAL UNION 1245 and DOE BUSINESS
13 | ENTITIES 1-10, and each of them, violated Plaintiff HATANPAA's rights by engaging in unlawful
14 | discrimination and retaliation, as described herein.

15 |      64.    As a result of the unlawful, discriminatory, and retaliatory conduct by Defendants IBEW
16 | LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-10 (including through their employees and
17 | agents), and each of them, Plaintiff HATANPAA is entitled to, and seeks, injunctive relief, in the form
18 | of an injunction issued by this Court, that compels Defendants IBEW LOCAL UNION 1245 and DOE
19 | BUSINESS ENTITIES 1-10, and each of them, to stop violating Plaintiff HATANPAA's rights, and to
20 | take other appropriate action, based upon evidence produced at trial.

21 | *State Claims*

22 | **VII.**

23 | **THIRD CLAIM FOR RELIEF**

24 | **Defamation | Libel and Slander *Per Se***

25 | (Asserted against Defendants WREC, CROMIE, ZANE PETERS, MURPHY, RAMIREZ, DOE
26 | ENTITIES 1-50, and DOE INDIVIDUALS 1-50)

27 |      65.    Plaintiff HATANPAA incorporates by reference all prior allegations of this *Complaint*,
28 | as though fully set forth herein.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

66.     Defendants WREC, including by and through its employees and agents, and Defendants CROMIE, ZANE, PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50, and each of them, in their official and individual capacities, without privilege, published false and defamatory statements, both orally and in writing, and made false implications of fact, as described herein.

67.     These statements and implications of fact were false.

68.     These statements and implications of fact were defamatory, including for the reason that they stated or implied that Plaintiff HATANPAA was dishonest, committed crimes, was incompetent and/or was unfit for his trade or profession.

69.     The fault of the Defendants sued in this claim for relief, when making these defamatory statements and implications of fact was negligent and/or reckless, and amounts to malice, intentional deceit, reckless disregard for the truth.

70.     These defamatory statements and implications of fact accused Plaintiff HATANPAA of dishonesty and committing crimes, constituting defamation *per se*, for which damages are presumed.

71.     These defamatory statements and implications of fact tended to injure, and did injure, Plaintiff HATANPAA in his business, including statements stating or implying that Plaintiff HATANPAA was unfit for his trade or business, constituting defamation *per se*, for which damages are presumed.

72.     As a direct and proximate cause of the acts and omissions of the Defendants sued in this claim for relief, constituting defamation as described herein, Plaintiff HATANPAA suffered actual damages, including those arising in the wake of Plaintiff HATANPAA's termination from his employment at WREC, his stigmatization and loss of reputation, his being forced to leave the community to find suitable employment, and other special, consequential damages and losses, arising from such culpable conduct, in an amount to be proven at trial.

73.     As a direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of the Defendants sued in this claim for relief, and each of them, Plaintiff HATANPAA sustained harm and injury to his personal and professional reputations, physical injury, mental injury, mental anguish, humiliation, embarrassment,

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

emotional distress, inconvenience, pain, suffering, and damages, entitling Plaintiff HATANPAA to compensatory damages, and punitive damages, as allowed by law, according to proof at trial.

74.     As a further, direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of all Defendants, and each of them, for this cause of action, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

**VIII.**

**FOURTH CLAIM FOR RELIEF**

**False Light | Invasion of Privacy**

(Asserted against Defendants WREC, CROMIE, ZANE PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50)

75.     Plaintiff HATANPAA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

76.     Defendants WREC, including by and through its employees and agents, and Defendants CROMIE, ZANE, PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50, and each of them, in their official and individual capacities, gave publicity to matters concerning Plaintiff HATANPAA, which placed Plaintiff HATANPAA before the public in a false light, relating to Plaintiff HATANPAA's honesty, fitness for employment, and suitability for employment, WREC, as described herein.

77.     In connection with the defamatory statements described herein relating to accusations of theft and criminal activity by Plaintiff HATANPAA, and in connection with WREC's claims of missing, unreconciled, unaccounted-for, lost, stolen, embezzled, or misappropriated property, company credit cards, money, funds, and materials—including by means of unauthorized purchases of gasoline and other goods and services, made on WREC's company credit cards issued to WREC employees— such claims were without a reasonable basis for concluding, accusing, implicating, blaming, or assigning culpability to Plaintiff HATANPAA, and, yet, the Defendants sued in this claim for relief, and each of them ignored this truth or engaged in a reckless disregard for the truth, and placed PLAINTIFF in a false light regarding his employment activities in and relating to the same, including

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

the false light that PLAINTIFF engaged in dishonest and/or criminal activity relating to company thefts.

78.     In connection with the defamatory statements described herein, that Plaintiff HATANPAA was unfit for his trade and profession, was incompetent, or otherwise unsuitable or undesirable for employment—including his being at fault for project delays, including for delays encountered at the Red Garter Casino, based on a claim of his deficient ordering of supply materials, including components of an electrical panel, when doing such was not actually Plaintiff HATANPAA's function—such claims were without a reasonable basis, and, yet, the Defendants sued in this claim for relief, and each of them ignored this truth or engaged in a reckless disregard for the truth, and placed Plaintiff HATANPAA in a false light regarding his employment activities in and relating to the same, including the false light that Plaintiff HATANPAA was unfit for his trade, business, or profession, as described herein.

79.     Additionally, the Defendants sued in this claim for relief, made false statements and made statements placing Plaintiff HATANPAA in a false light, regarding the use of company premises and company vehicles—such false statements and false-light statements including statements claiming that:

(A)     Plaintiff HATANPAA brought "strippers" to the WREC shop and partied with these "strippers," including one called "Foxy Roxy," when such a claim was false;

(B)     Plaintiff HATANPAA used the WREC company premises for unauthorized, personal reasons, when such statements were either untrue or placed Plaintiff in the false light that his use of company premises for personal reasons was disallowed or unauthorized—including in light of the fact that WREC employees were allowed or authorized to use the company premises for personal reasons, and did, and no objections were contemporaneously made by WREC against Plaintiff HATANPAA's use of company premises, in the manner he used them, but such claims were trumped up, selectively against Plaintiff HATANPAA, after the fact, to cast Plaintiff HATANPAA in a disparaging and false light;

(C)     Plaintiff HATANPAA used the WREC company vehicle for unauthorized personal reasons, for example, on a weekend when Plaintiff HATANPAA was seen in a hardware store,

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

outside of which a company truck was parked out front, when, in fact, Plaintiff HATANPAA had used the company vehicle to drive to the hardware store for official purposes while he was working for WREC, on such a weekend.  In this regard, the false-light cast on Plaintiff HATANPAA was especially pronounced and devoid of proper context, inasmuch as Plaintiff HATANPAA's job required his attention to customers' needs twenty-four hours a day, seven days a week, and three hundred and sixty-five days a year.  In this regard, Defendant WREC allowed and permitted Plaintiff HATANPAA to use the company vehicle to drive to and from work, while he left his personal vehicle at home and to work on weekends; and

(D)   Plaintiff HATANPAA's use of the company vehicle, while at work, to drive to the emergency room to receive medical treatment for his Work Injury, was unauthorized or against company policy—when, in fact, there was no such policy or none that was communicated to Plaintiff HATANPAA, and no objections were contemporaneously made by Defendant WREC or its employees and agents against Plaintiff HATANPAA's use of the company vehicle to obtain such medical treatment from work, but permission for such was stated or implied.

80.   The false light in which Plaintiff HATANPAA was placed, as described herein, would be highly offensive to a reasonable person.

81.   The Defendants sued in this claim for relief, and each of them, had knowledge of, or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff HATANPAA would be placed.

82.   As a direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of the Defendants sued in this claim for relief, and each of them, Plaintiff HATANPAA sustained harm and injury to his personal and professional reputations, economic losses, physical injury, mental injury, mental anguish, humiliation, embarrassment, emotional distress, inconvenience, pain, suffering, and damages, entitling Plaintiff HATANPAA to compensatory damages, and punitive damages, as allowed by law, according to proof at trial.

83.   As a further, direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of all Defendants, and

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

28

each of them, for this cause of action, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

## IX.

### FIFTH CLAIM FOR RELIEF

#### Malicious Prosecution

(Asserted against Defendants WREC, CROMIE, ZANE PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50)

84.     Plaintiff HATANPAA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

85.     At all times relevant herein, Defendants WREC, including by and through its employees and agents, and Defendants CROMIE, ZANE, PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50, and each of them, in their official and individual capacities, initiated, procured the institution of, or actively participated in the continuation of, certain criminal proceedings ("Criminal Proceedings") for misdemeanor theft (76-6-404) of fuel through the use of a company gas card, against Plaintiff HATANPAA, such Criminal Proceedings being identified and evidenced herein as Tooele County Sheriff's Office Criminal Case No. 2014-000413, Incident No. I4835703, and Report No. R3154354, the official documents for which are attached hereto as **Exhibit 1**.

86.     The Defendants sued in this claim for relief lacked probable cause to initiate and maintain the Criminal Proceedings.

87.     The Defendants sued in this claim for relief harbored malice against Plaintiff HATANPAA, when initiating and maintaining the Criminal Proceedings, including that malice and ulterior motive of vexing and harassing Plaintiff HATANPAA and to cause other harm and interference with his legal rights, as described herein;

88.     The Criminal Proceedings were terminated, as described herein;

89.     Plaintiff has been harmed and suffered damages as a result of the malicious prosecution by the Defendants sued in this claim for relief.

90.     As a direct and proximate result of the intentional, malicious, willful, deliberately

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

indifferent, oppressive, reckless, careless, and/or negligent conduct of the Defendants sued in this claim for relief, and each of them, Plaintiff HATANPAA sustained harm and injury to his personal and professional reputations, economic losses, physical injury, mental injury, mental anguish, humiliation, embarrassment, emotional distress, inconvenience, pain, suffering, and damages, entitling Plaintiff HATANPAA to compensatory damages, and punitive damages, as allowed by law, according to proof at trial.

91.     As a further, direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of all Defendants, and each of them, for this cause of action, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

## X.

### SIXTH CLAIM FOR RELIEF

### Civil Conspiracy

(Asserted against Defendants WREC, CROMIE, ZANE PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50)

92.     Plaintiff HATANPAA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

93.     Defendants WREC, including by and through its employees and agents, and Defendants CROMIE, ZANE, PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50, and each of them, in their official and individual capacities, pursued unlawful objectives, including the following unlawful objectives:

(A)     To wrongfully, unlawfully, and/or tortiously wage a smear campaign against Plaintiff HATANPAA, as described herein;

(B)     To wrongfully, unlawfully, and/or tortiously intimidate Plaintiff HATANPAA from pursuing his legal rights, including pursuing his union grievance that challenged as wrongful his employment-termination by Defendant WREC;

(C)     To wrongfully, unlawfully, and/or tortiously act in furtherance of a trumped-up pretext for Plaintiff HATANPAA's termination, after his employment termination from WREC;

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

(D)     To wrongfully, unlawfully, and/or tortiously prevent Plaintiff HATANPAA from pursuing his worker's compensation claim and/or to deny Plaintiff HATANPAA's worker-compensation benefits, whether in part or whole;

(E)     To wrongfully, unlawfully, and/or tortiously prevent Plaintiff HATANPAA from pursuing his chosen profession and otherwise obtaining work and employment in West Wendover, its surrounding communities, and elsewhere in Nevada, after his employment termination from WREC;

(F)     To wrongfully, unlawfully, and/or tortiously intimidate, humiliate, and shame Plaintiff HATANPAA to leave town, the county, and/or the state, to make a living elsewhere;

(G)     To wrongfully, unlawfully, and/or tortiously lower Plaintiff HATANPAA's standing in the community, region, and state;

(H)     To wrongfully, unlawfully, and/or tortiously retaliate and punish Plaintiff HATANPAA, for his having requested an accommodation for his disability arising from his Workplace Injury, seeking initial medical attention for his Workplace Injury/Disability, filing a worker's compensation claim, and for having opposed WREC's unlawful practices, including those made unlawful by anti-employment-discrimination statutes and those that violate public policy *e.g.*, the tortious discharge of Plaintiff HATANPAA for his having file a worker's compensation claim;

(I)     To wrongfully, unlawfully, and/or tortiously destroy, discredit, and/or diminish Plaintiff HATANPAA's personal and professional reputations, including his reputation for honesty and competence, and to allow such impaired reputations to remain uncorrected, for unlawful purposes, including to advance an unlawful smear campaign and "cover-up" of these matters; and

(J)     To wrongfully, unlawfully, and/or tortiously initiate, procure the institution of, or actively participate in the continuation of a malicious prosecution, relating to the Criminal Proceedings, as described herein.

94.     The Defendants sued in this claim for relief, and each of them, as a combination of persons in any permutation of two or more of these Defendants, undertook some concerted action with the intent to accomplish an unlawful objective for the purpose of harming Plaintiff HATANPAA, including that concerted action and harmful purpose described herein, and damage resulted from those acts.

31

95.     In this regard, the Defendants sued in this claim for relief had an agreement between them, whether explicit or tacit, to accomplish the unlawful objectives, described herein, for the purpose of harming Plaintiff HATANPAA, as described herein.

96.     With respect to Defendants' concerted action, they agreed to engage in conduct that was inherently dangerous or posed a substantial risk of harm to Plaintiff HATANPAA, with a known risk of harm, that could lead to the commission of a violations of PLAINTIFF's legal rights, as described herein, including those pertaining to his employment rights, his rights of union representation, his right to pursue a worker's compensation claim for his Work Injury, his right to be free from unlawful discrimination as described herein, and his right to be from tortious misconduct of others as described herein.

97.     As a direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of the Defendants sued in this claim for relief, and each of them, Plaintiff HATANPAA sustained harm and injury to his personal and professional reputations, physical injury, economic losses, mental injury, mental anguish, humiliation, embarrassment, emotional distress, inconvenience, pain, suffering, and damages, entitling Plaintiff HATANPAA to compensatory damages, and punitive damages, as allowed by law, according to proof at trial.

98.     As a further, direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of all Defendants, and each of them, for this cause of action, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

## XI.

## SEVENTH CLAIM FOR RELIEF

### Negligence

(Asserted against Defendants WREC, CROMIE, ZANE PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50)

99.     Plaintiff HATANPAA incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

100.    Defendants WREC, including by and through its employees and agents, and Defendants CROMIE, ZANE, PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50, and each of them, owed a legal duty of care to Plaintiff HATANPAA, to conduct their business affairs, employment affairs, and personal affairs, in such a manner so as not to cause harm or injury to Plaintiff HATANPAA, including as follows:

(A)    Defendants WREC and DOE ENTITIES 1-50 (including by and through its employees and agents) owed a duty of care to conduct its business operations in a reasonable manner—including when securing the premises and property of the company, managing administrative and accounting affairs, including company gas cards, and including when conducting reasonable investigations into suspected employee theft or claims of impropriety or theft by employees and former employees—including Plaintiff HATANPAA for claims of misconduct described herein—so as to avoid negligently causing harm—including reputational harm—to third parties, including Plaintiff HATANPAA, in the manner described herein; and

(B)    Defendants WREC, including by and through its employees and agents, and Defendants CROMIE, ZANE, PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50, owed a duty of care to reasonably and adequately investigate matters and the basis for their beliefs, suspicions, and conclusions that implicate the criminal and culpable conduct of third parties, including WREC employees and former employees, and including Plaintiff HATANPAA, so as to avoid negligently causing harm—including reputational harm—to third parties, including Plaintiff HATANPAA, in the manner described herein;

101.    Defendants WREC, including by and through its employees and agents, and Defendants CROMIE, ZANE, PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50, and each of them, breached that legal duty of care to Plaintiff HATANPAA, which breach was the legal cause of Plaintiff HATANPAA's injury, including reputational injury, and Plaintiff HATANPAA suffered damages, as described herein.

102.    As a direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of the Defendants sued in this claim for relief, and each of them, Plaintiff HATANPAA sustained harm and injury to his personal and

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

professional reputations, physical injury, mental injury, mental anguish, humiliation, embarrassment, emotional distress, inconvenience, pain, suffering, and damages, entitling Plaintiff HATANPAA to compensatory damages, and punitive damages, as allowed by law, according to proof at trial.

103.   As a further, direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of all Defendants, and each of them, for this cause of action, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

## XII.

## EIGHTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

(Asserted against Defendants WREC, CROMIE, ZANE PETERS, MURPHY, RAMIREZ, DOE ENTITIES 1-50, and DOE INDIVIDUALS 1-50)

104.   Plaintiff HATANPAA realleges and incorporates by reference each and every allegation contained in all prior paragraphs of this *Complaint*, as though fully incorporated herein.

105.   The conduct of the Defendants sued in this claim for relief was extreme and outrageous, as described herein.

106.   Plaintiff HATANPAA suffered such extreme or severe emotional distress, which was caused by all the Defendants sued in this claim for relief, as described herein.

107.   The Defendants sued in this claim for relief, and each of them, intended to cause emotional distress to PLAINTIFF or they had a reckless disregard for causing emotional distress to PLAINTIFF.

108.   The conduct of all Defendants sued in this claim for relief, and each of them, as described herein, was intentional, malicious, willful, deliberately indifferent, oppressive and done in a reckless disregard of Plaintiff HATANPAA' rights, health, and safety, proximately causing injuries and damages to Plaintiff HATANPAA.

109.   As a direct and proximate result of the culpable conduct of all Defendants sued in this claim for relief, and each of them, as described herein, Plaintiff HATANPAA incurred, and will continue to incur in the future, medical expenses, in an amount to be proven at trial.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

110.    As a direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of the Defendants sued in this claim for relief, and each of them, Plaintiff HATANPAA sustained harm and injury to his personal and professional reputations, physical injury, mental injury, mental anguish, humiliation, embarrassment, emotional distress, inconvenience, pain, suffering, and damages, entitling Plaintiff HATANPAA to compensatory damages, and punitive damages, as allowed by law, according to proof at trial.

111.    As a further, direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of all Defendants, and each of them, for this cause of action, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

**XIII.**

**NINTH CLAIM FOR RELIEF**

**Negligent Hiring, Training, Supervision, and Retention**

(Asserted against Defendants WREC, CROMIE, PETERS, and DOE ENTITIES 1-50.)

112.    Plaintiff HATANPAA realleges and incorporates by reference each and every allegation contained in all prior paragraphs of this *Complaint*, as though fully incorporated herein.

***Negligent Hiring***

113.    At all relevant times herein, the Defendants sued in this claim for relief, and each of them, were responsible for hiring, training, supervising, and retaining their respective employees and agents, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them.

114.    At all relevant times herein, the Defendants sued in this claim for relief, and each of them, owed a legal duty to conduct a reasonable background check on their potential employees and agents, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, respectively, to ensure that such employees and agents are fit for their positions, and to prevent harm to third parties, including Plaintiff HATANPAA, by these employees' tortious and wrongful conduct, of the types described herein.

115.    At all relevant times herein, the Defendants sued in this claim for relief, knew or

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

reasonably should have known of such dangerous propensities of their employees and agents, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, for engaging in the type of culpable conduct described herein, including their prior, professional background and employment at other employers, such conduct relating to the tortious and wrongful conduct, of the types described herein.

116. At all relevant times herein, the Defendants sued in this claim for relief, and each of them, breached their duties of care when they hired their employees and agents, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, even though these employers knew or should have known of the dangerous propensities of their respective employees and agents, as described herein, which dangerous propensities gave way to culpable conduct by Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, causing harm and injury to Plaintiff HATANPAA, as described herein, such conduct relating to the tortious and wrongful conduct, of the types described herein.

### Negligent Training, Supervision, and Retention

117. At all relevant times herein, the Defendants sued in this claim for relief, and each of them, owed a legal duty to use reasonable care in the training, supervision, and retention of their respective employees and agents, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, to ensure that such employees and agents are fit, and remain fit, for their positions, and to prevent harm to third parties, including Plaintiff HATANPAA, by these employees' tortious and wrongful conduct, of the types described herein.

118. At all relevant times herein, the Defendants sued in this claim for relief, and each of them, breached their respective duties of care when they placed and retained in their respective employs and agencies, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, without properly training, supervising them, disciplining them, and/or terminating them, whom they knew, or, in the exercise of reasonable care should have known, that such employees and agents placed and retained in their respective positions would foreseeably behave, and did behave, wrongfully, negligently, and without proper training and requisite skills, and that such employees and agents would foreseeably harm, and did harm, employees and former employees similarly situated to

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

Plaintiff HATANPAA, including Plaintiff HATANPAA, by their tortious and wrongful conduct, of the types described herein.

119.    The Defendants sued in this claim for relief, and each of them, were negligent in the hiring, training, supervision, and retention of Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, which failures caused the harm and injuries to PLAINTIFF, as described herein, relating to the claims herein, by their tortious and wrongful conduct, of the types described herein.

120.    As a direct and proximate result of the culpable conduct of all Defendants sued in this claim for relief, and each of them, as described herein, Plaintiff HATANPAA incurred, and will continue to incur in the future, medical expenses, in an amount to be proven at trial.

121.    As a direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of the Defendants sued in this claim for relief, and each of them, Plaintiff HATANPAA sustained harm and injury to his personal and professional reputations, physical injury, mental injury, mental anguish, humiliation, embarrassment, emotional distress, inconvenience, pain, suffering, and damages, entitling Plaintiff HATANPAA to compensatory damages, and punitive damages, as allowed by law, according to proof at trial.

122.    As a further, direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of all Defendants, and each of them, for this cause of action, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

**XIV.**

**TENTH CLAIM FOR RELIEF**

**Tortious Discharge in Violation of Public Policy |
Retaliation for Filing Worker's Compensation Claim**

(Asserted against Defendant WREC)

123.    Plaintiff HATANPAA realleges and incorporates by reference each and every allegation contained in all prior paragraphs of this *Complaint*, as though fully incorporated herein.

124.    Retaliatory discharge by an employer, stemming from the filing of a worker's

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

compensation claim by an injured employee, is actionable in tort, as violative of the public policy, including pursuant to case law announced in *Hansen v. Harrah's*, 675 P.2d 394, 397 (Nev. 1984).

125.    At all times relevant hereto, Plaintiff HATANPAA was an employee of WREC.

126.    At all times relevant hereto, Plaintiff HATANPAA filed and otherwise pursued a worker's compensation claim for his Work Related Injury, prior to his termination.

127.    Defendant WREC retaliated against Plaintiff HATANPAA for his filing and pursuit of a worker's compensation claim, by terminating his employment, under a pretext that stated another, false reason for his termination.

128.    Accordingly, Defendant WREC tortiously discharged Plaintiff, in violation of public policy, and Defendant WREC is liable for such tortious discharge.

129.    Defendant WREC's tortious discharge of Plaintiff, in violation of public policy, was obtained and furthered by the malicious, oppressive, and/or fraudulent conduct of WREC, including its employees and agents, as described herein, warranting an award of punitive damages.

130.    As a direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of Defendant WREC, including its employees and agents, as described herein, Plaintiff HATANPAA incurred, and will continue to incur in the future, medical expenses, in an amount to be proven at trial.

131.    As a direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of Defendant WREC, including its employees and agents, as described herein, Plaintiff HATANPAA sustained harm and injury to his personal and professional reputations, economic losses, physical injury, mental injury, mental anguish, humiliation, embarrassment, emotional distress, inconvenience, pain, suffering, and damages, entitling Plaintiff HATANPAA to compensatory damages, and punitive damages, as allowed by law, according to proof at trial.

132.    As a further direct and proximate result of the intentional, malicious, willful, deliberately indifferent, oppressive, reckless, careless, and/or negligent conduct of Defendant WREC, including its employees and agents, as described herein, Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

## XV.

### Vicarious Liability | *Respondeat Superior*[1]

(Asserted against Defendants WREC and DOE ENTITIES 1-50.)

133.    Plaintiff HATANPAA realleges and incorporates by reference each and every allegation contained in all prior paragraphs of this *Complaint*, as though fully incorporated herein.

134.    At all relevant times herein, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, were employees of Defendants WREC and DOE ENTITIES 1-50, when the acts and omissions of such employees occurred, which caused Plaintiff HATANPAA's injuries and harm, as described herein.

135.    At all relevant times herein, the employee Defendants, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, were under the control of their respective employers, and acting in the scope of their respective employment for their employers, Defendants WREC and DOE ENTITIES 1-50, when the acts and omissions of these employees occurred, which caused Plaintiff HATANPAA's injuries and harm, as described herein.

136.    At all relevant times herein these employee Defendants, Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them, were acting in furtherance of the interests of their employers, Defendants WREC and DOE ENTITIES 1-50, at the time when the acts and omissions of these employee Defendants occurred, which caused Plaintiff HATANPAA's injuries and harm, as described herein.

137.    Based on the foregoing, Plaintiff HATANPAA is entitled to invoke the doctrine of *Respondeat Superior* to impose vicarious liability on the employer Defendants, Defendants WREC and DOE INDIVIDUALS 1-50, and each of them, for the injuries, harms, and damages, described herein, which occurred within the course and scope of employment of these employees, Defendants CROMIE,

---

[1] Strictly speaking *Respondeat Superior* is not considered to be a "cause of action" or "claim for relief" but a method of assigning liability to an employer for the conduct of its employees. *See Fernandez v. Penske Truck Leasing Co., L.P.*, 2012 WL 1832571, 1 (D.Nev. 2012) (citing *Cruz v. Durbin*, 2011 WL 1792765 (D.Nev. 2011)). Accordingly, this section for *Respondeat Superior* is not labeled as a claim for relief, but it seeks to assign liability to Defendants WREC and DOE ENTITIES 1-50, vicariously, for the acts of their employees Defendants CROMIE, PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, as described herein.

1  PETERS, MURPHY, RAMIERZ, and DOE INDIVIDUALS 1-50, and each of them.

2                                     **XVI.**

3                      **ELEVENTH CLAIM FOR RELIEF**

4                  **Breach of Contract | Wrongful Termination**

5                       (Asserted against Defendant WREC)

6         138.    Plaintiff HATANPAA realleges and incorporates by reference each and every allegation

7  contained in all prior paragraphs of this *Complaint*, as though fully incorporated herein.

8         139.    At all times relevant hereto, PLAINTIFF was a full-time employee of WREC, having a

9  valid and existing employment contract ("Employment Contract") with Defendant WREC, and having

10 a legitimate expectation of continued employment with WREC, whether such a contract was express,

11 implied in fact, or otherwise, including the contract arising from agreements, including collective

12 bargaining agreements, promises, contracts, policies, employee handbooks and manuals, training

13 curricula, bulletins, memos, orders, instructions, customs, usages, and patterns and practices.

14        140.    Pursuant to this Employment Contract, there was a contractual obligation of continued

15 employment between Defendant WREC as the employer and Plaintiff HATANPAA as the employee.

16        141.    Pursuant to this Employment Contract, Defendant WREC could only terminate Plaintiff

17 HATANAA from his employment at WREC for just cause.

18        142.    Defendant WREC terminated Plaintiff from his employment without just cause, as

19 described herein, thereby breaching the Employment Contract, and the reasons supplied by Defendant

20 WREC for terminating Plaintiff do not amount to just cause the termination of employment, including

21 for all the reasons described herein.

22        143.    As a result of Defendant WREC's breach of contract and wrongful termination of

23 Plaintiff HATANPAA, Plaintiff HATANPAA has sustained damages, including lost employment

24 income and benefits, in an amount to be proven at trial.

25        144.    As a further direct and proximate result of Defendant WREC's breach of contract and

26 wrongful termination of Plaintiff HATANPAA, Plaintiff HATANPAA has had to retain the services of

27 attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

28 / / /

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

# XVII.

## TWELFTH CLAIM FOR RELIEF

### Breach of Covenant of Good Faith and Fair Dealing (Bad Faith) | And Tortious Breach of Covenant of Good Faith and Fair Dealing

(Asserted against Defendant WREC)

145.   Plaintiff HATANPAA realleges and incorporates by reference each and every allegation contained in all prior paragraphs of this *Complaint*, as though fully incorporated herein.

146.   At all times relevant hereto, PLAINTIFF was a full-time employee of WREC, having a valid and Employment Contract with Defendant WREC, having a legitimate expectation of continued employment with WREC.

147.   Pursuant to this Employment Contract, there was a contractual obligation of continued employment between Defendant WREC as the employer and Plaintiff HATANPAA as the employee, and Plaintiff HATANPAA could only be terminated from his employment for just cause.

148.   Under this Employment Contract, a duty of good faith and fair dealing was imposed upon Defendant WREC.

149.   PLAINTIFF developed a relationship of trust, reliance, and dependence with Defendant WREC, its staff and supervisors, including Defendants CROMIE, PETERS, MURPHY, and RAMIREZ, and Defendants WREC, CROMIE, and/or PETERS were in a superior or entrusted position, relating to matters set forth in the preceding paragraph herein, including the employer's truthful accounting of Plaintiff's employment at WREC, including about matters of honest and non-criminal conduct, as well as his skills, competence, and quality of work, for the work he performed during his employment with WREC.

150.   PLAINTIFF performed, or was otherwise excused from performance of, his obligations under the Employment Contract.

151.   Defendant WREC breached its covenant of good faith and fair dealing to Plaintiff HATANPAA, and tortiously so, by terminating him without just cause under a bad-faith pretext, and further, by engaging in misconduct against Plaintiff HATANPAA in a manner that was unfaithful to the purpose of the contract, as described herein, and the justified expectations of Plaintiff HATANPAA

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

were, thus, denied, including by the tortious and wrongful conduct, described herein, committed by Defendant WREC (and its employees and agents, including Defendants CROMIE, PETERS, MURPHY, and RAMIREZ), as described herein.

152.    As a result of these tortious breaches of the covenant of good faith and fair dealing, by Defendant WREC (including its employees and agents, Defendants CROMIE, PETERS, MURPHY, and RAMIREZ), Plaintiff HATANPAA was terminated from his employment at WREC, and suffered injury, harm, and damages, including stigmatization and loss of reputation, loss of employment, mental anguish, emotional distress, and other special, consequential damages and losses, arising from such breaches, in an amount to be proven at trial.

153.    These tortious breaches of the covenant of good faith and fair dealing by Defendant WREC (including its employees and agents, Defendants CROMIE, PETERS, MURPHY, and RAMIREZ) were intentional, malicious, willful, oppressive and done with a depraved heart and a reckless disregard of Plaintiff HATANPAA's rights, health, safety, and mental wellbeing, proximately causing injuries, damages, physical harm, and emotional harm to PLAINTIFF, the amount of such damages to be proven at trial, and warranting an award of exemplary and punitive damages against Defendant WREC and in favor of Plaintiff HATANPAA.

154.    As a further result of these breaches of the covenant of good faith and fair dealing by Defendant WREC (including its employees and agents, Defendants CROMIE, PETERS, MURPHY, and RAMIREZ), Plaintiff HATANPAA has had to retain the services of attorneys in this matter, and he therefore, seeks reimbursement for attorney's fees and costs.

## XVIII.

### THIRTEENTH CLAIM FOR RELIEF

### Declaratory Relief

(Asserted against Defendant WREC, IBEW LOCAL UNION 1245, and DOE ENTITIES 1-50)

155.    Plaintiff HATANPAA realleges and incorporates by reference each and every allegation contained in all prior paragraphs of this *Complaint*, as though fully incorporated herein.

156.    Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.333, and the Court's inherent equitable powers, Plaintiff

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

HATANPAA seeks, and is entitled to have, declaratory relief awarded in his favor, to declare his rights and obligations of the Defendants sued herein, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a Declaration that Defendants WREC and IBEW LOCAL UNION 1245 and DOE BUSINESS ENTITIES 1-50, unlawfully discriminated and retaliated against Plaintiff HATANPAA, under Title VII and the ADA/ADAAA, and otherwise violated Plaintiff's rights under Federal Law, as alleged herein, and regarding the rights and obligations arising under the Employment Contract.

## XIX.

### FOURTEETH CLAIM FOR RELIEF

### Injunctive Relief

(Asserted against Defendant WREC, IBEW LOCAL UNION 1245, and DOE ENTITIES 1-50)

157.    Plaintiff HATANPAA realleges and incorporates by reference each and every allegation contained in all prior paragraphs of this *Complaint*, as though fully incorporated herein.

158.    Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 65, 42 U.S.C. §§ 2000e-5, and NRS 33.010 *et seq.*, and the Court's inherent equitable powers, Plaintiff is entitled to have injunctive relief awarded in his favor, as such relief or any part thereof consists in restraining the commission or continuance of the acts complained of, perpetually, and to compel the obligations of the Defendants sued herein to give effect to the declaratory and other relief awarded by the Court in this action, where such injunctive relief is necessary and proper to the resolution of the disputes raised herein, including as specifically prayed for below.

## XX.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff HATANPAA prays for judgment against Defendants, jointly and severally, as follows:

1.    For general compensatory damages on all claims, in an amount to be proven at trial, and which amount is in excess of the diversity-jurisdictional-basis minimum of $75,000 for the state claims;

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

2.     For special compensatory damages on all claims, in an amount to be proven at trial, and which amount is in excess of the diversity-jurisdictional-basis minimum of $75,000 for the state claims;

3.     For past and future compensatory damages, costs of medical care and treatment and other expenses, as wells for incidental and consequential losses, incurred by reason of their acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be proven at trial, and which amount is in excess of the diversity-jurisdictional-basis minimum of $75,000 for the state claims

4.     For exemplary and punitive damages, as allowed by law;

5.     For costs of the suit incurred herein;

6.     For attorneys' fees, costs and prejudgment interest, as allowed by law;

7.     For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial;

8.     For Declaratory relief, equitably determined by the Court at trial;

9.     For Injunctive relief, equitably determined by the Court at trial;

10.     For such other relief as the Court may deem just and proper; and

11.     Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 4<u>th</u> Day of January, 2016.

THE GEDDES LAW FIRM, P.C.

WILLIAM J. GEDDES
Nevada Bar Number:  6984
The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, Nevada 89521
(775) 853-9455
*Attorney for Plaintiff Hatanpaa*

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455

44

| EXH. NO. | EXHIBIT | PAGES |
|:---:|:---|:---:|
| **1** | Official Documents regarding the Criminal Proceedings commenced by Defendants against Plaintiff HATANPAA for misdemeanor theft (76-6-404) of fuel through the use of a company gas card, identified and evidenced herein as Tooele County Sheriff's Office Criminal Case No. 2014-000413, Incident No. I 4835703, and Report No. R3154354.<br><br>Part 1: (**PLF-00001-00006**)<br>Part 2: (**PLF-00007-00013**) | 13 |

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 115
Reno, NV 89521
Phone 775-853-9455